## UNITED STATES *v.* THURBER and others.

*(District Court, S. D. New York. June, 1886.)*

1. CUSTOMS DUTIES—NECESSARY COVERINGS—BOXES—ACT OF MARCH 3, 1883, § 7—TRANSPORTATION TO THE UNITED STATES—APPRAISEMENT OF VALUE—EXCESS OF POWER—DEFENSES AVAILABLE.

   Under section 7 of the act of March 3, 1883, (22 St. at Large, 523,) the appraiser is forbidden to add the value of the usual or necessary boxes or coverings, in fixing the market value of the goods, provided such boxes or coverings are only designed for use in the transportation of the goods to the United States. If the value of the boxes be added without finding such other design, his appraisement, and the liquidation based upon it, will be void; and that defense will be available to the importer when sued for the duties as thus liquidated. "Use in transportation to the United States" includes transportation to the consumer, so long as the boxes are not broken. But the appraiser is authorized to inquire into the design of the boxes or coverings, and if he finds them designed for other than transportation uses, his finding, and the liquidation based upon it, cannot be reviewed in a suit to enforce payment of the duties; but only in a suit by the importer against the collector to recover back after payment. In no case is the value of the coverings to be added to that of the goods. If dutiable at all, they are dutiable at the rate of 100 per cent. *ad valorem*, without regard to the rate on the goods.

2. SAME—SAFETY MATCH BOXES—REV. ST. § 2931.

   Safety matches were imported put up in small boxes, each having a prepared surface convenient for lighting the matches as used. The appraiser raised the invoice value of the goods by the precise amount of the invoice value of the small boxes, "to make market value in marketable condition," and duties on the whole were liquidated at the rate of 35 per cent., the rate imposed by law on matches. The importer on entry had paid the correct amount of duty upon the matches alone as invoiced. This suit was brought for the duty upon the added value. The government contended that the liquidation was "final and conclusive," and could not be questioned in this action. *Held,* that if the appraiser added the cost of the boxes to make the market value of the matches and boxes together, without any inquiry or finding whether the boxes were for any other use than transportation to the United States, his act was contrary to the statute, and in excess of power, and that the appraisement and liquidation were void. Under such instructions, the jury found a verdict for the defendant.

Action to Recover Duties.

*Mr. Rose*, Asst. U. S. Atty., for plaintiff.

*Edwin More* and *Nelson Smith*, for defendants.

The charge of the court to the jury was substantially as follows:

BROWN, J. This action is brought to recover a balance of $273 alleged to be due to the United States for duties upon an importation

of matches. It is based upon a liquidation made by the collector on the eighth of August, 1883. On the sixteenth of July previous, when the goods were entered, the importer paid $226.80. The balance of $273 is sought to be recovered in this suit, the goods having been delivered to the importer on his previous payment.

The collector and appraiser in this case had undoubted jurisdiction of the subject-matter, to make an appraisement of value, and a liquidation of the duties, and they have done so. The plaintiff contends that these acts are not reviewable in this suit, and that the statute (section 2931) expressly makes the liquidation "final and conclusive" in such a suit as this. The first inquiry is whether any defense against that liquidation is available here.

The ordinary rule unquestionably is that where a statutory officer has jurisdiction over the subject, his determination is conclusive, except upon a review in such way as the law points out for the correction of errors. But there is one fundamental exception to this rule. Not only must the officer have jurisdiction of the subject-matter, but he must also keep within the limits of the power conferred by statute. Whenever a suit is brought, based upon such officer's action, it is always competent, by way of defense, to show that the officer has departed entirely from the statute, or acted so contrary to it that his acts are deemed beyond his jurisdiction, and in excess of power; and in such a case what he does in excess of power is illegal and void, and may be shown in defense. Void acts are thus wholly different in their consequences from merely erroneous acts. Mere errors or mistakes in the performance of a duty do not make the officer's acts void. They stand good and valid until reviewed and corrected as provided by law. See *U. S.* v. *Doherty,* 27 Fed. Rep. 730–733, and cases cited.

This suit is not one of the modes of reviewing mere errors or mistakes in the appraisement or liquidation. This is not the proper tribunal in which to make such corrections, and if the errors here alleged by the defendants were of that character, they could not be availed of by the defendants in this suit. The plaintiff would be entitled to a verdict.

So, when the statute says that the liquidation shall be "final and conclusive," it means a valid liquidation,—not a void liquidation. If merely erroneous, the liquidation will be valid and binding here; but if void, that fact may be shown as a defense. The distinction between void acts and merely erroneous ones is sometimes difficult, but usually not so. Suppose that duties were levied on domestic goods upon the erroneous supposition that they had been imported, and that the owner were sued for the alleged duties, there would be nothing "final and conclusive" in such a liquidation, because it would be wholly outside of the collector's power and jurisdiction, and hence void. Again, it is the appraiser's business to appraise goods for the purpose of liquidating the duties on them, and it is made by law his duty to ex-

amine the goods.    If he makes a report without any examination at all, his appraisement would be void, because an examination is a condition of the lawful exercise of his power, and of a valid appraisement. So, if the collector should advance the value of goods, and make a liquidation thereon without any valuation by the appraiser, such a liquidation would not be "final and conclusive," although the collector had a general jurisdiction of the subject-matter.    It would be void, because such an appraisement by the collector without any act of the appraiser would be illegal.    *U. S.* v. *Doherty, ut supra.*

The defendant in a suit to recover liquidated duties may show, therefore, that the appraisement was illegal and void; for the suit rests upon a valid liquidation, and if the appraisement on which the liquidation is based is void, the liquidation is void, and the suit must fail.

Section 7 of the act of March 3, 1883, (22 St. at Large, 523,) declares that "the value of the usual and necessary sacks, crates, boxes, or coverings of any kind shall not be estimated as part of their value in determining the amount of duties to which they are liable."

The first question for you to consider is whether these boxes were the usual and necessary coverings of such matches; and, if so, whether the appraiser, in making the valuation upon which this liquidation is based, estimated and included the value of the boxes, which are a separate item in the invoice, in ascertaining the dutiable value of the goods imported.    The burden of proof in this respect is upon the defendants.    It is sufficient for the plaintiff, in the first instance, to show the appraisement and the liquidation, and these the government has proved.    It is then for the defendants to prove, if they can, anything that renders these acts, or either of them, illegal and void.

The appraiser who made this appraisement has not been called by either side to show just what he did, or intended to do.    His report, however, is in evidence, and consists only of these words indorsed on the invoice: "Added, to make market value in marketable condition," so many pounds, shillings, and pence upon each invoice. These amounts are exactly the same as the items stated in the invoices as the cost of the boxes.    One of the customs officers, when interrogated in regard to that, could not answer, from that report, categorically, "yes" or "no," whether the value of the boxes was taken into account by the appraiser or not.    The law makes it the duty of the appraiser to ascertain and report the value of the goods imported in the principal markets of the country of exportation, not their value here.

If you are satisfied from the evidence that this increase of value reported by the appraiser was intended as an amount added to make the actual market value of the matches themselves in the principal markets of Sweden, from which country they came, the plaintiff is entitled to recover; for that was the business of the appraiser,—to

appraise the market value of these matches in the principal markets of Sweden; and if he has done that, and that only, the appraisement and liquidation are binding and conclusive here.

If, on the contrary, you find that this addition of value was on account of the value of the boxes alone, and not to make the market value of the matches, then, upon the interpretation of the act of 1883, as expounded by the supreme court in the recent case of *Oberteuffer* v. *Robertson*, 6 Sup. Ct. Rep. 462, I am bound to instruct you that these boxes, if the usual and necessary coverings of such matches, are within the main portion of section 7 of that act; and that the appraiser had no authority or legal power to add their value to that of the matches in estimating the dutiable value, unless the boxes come within the proviso to that section. The proviso is as follows:

"If any packages, sacks, crates, boxes, or coverings of any kind shall be of any material or form designed to evade duties thereon, or designed for use otherwise than in the *bona fide* transportation of goods to the United States, the same shall be subject to duty of one hundred per centum *ad valorem* upon the actual value of the same."

In the expression "designed for use otherwise than in the *bona fide* transportation of goods to the United States," I shall hold, for the purposes of this case, that the word "transportation" includes the transporting or carrying of the goods within this country to the hands of the consumer, so long as the boxes remain and are transported unbroken; and that the transportation referred to does not stop at the doors of the custom-house, but includes the transportation to the vest pocket, if you please, of the consumer. On any other construction, the real purpose of section 7 would, I think, be thwarted.

It is conceded that there is no element of fraud in this case; that there was no design to evade the payment of any duties. Upon the question, whether there existed here any design that the boxes should be used otherwise than in the *bona fide* transportation to the United States, you have the evidence of witnesses, and the inspection of sample boxes. One side of each box has a prepared surface for convenience in lighting the matches. They cannot be easily lighted on any ordinary unprepared surface. But it appears that such prepared paper or cards are often given away on the sale of such matches. If you find, from all the evidence, that a substantial, material, and valuable use which these boxes were designed to subserve was other than to preserve the matches and carry them to the consumer, the case would come within the proviso of section 7. I say this in distinction from a use which you might regard as merely trivial, and unimportant, and not forming any substantial or material part of the design, or any valuable use of the box or covering. I shall not attempt to define this any further, but leave it to your judgment, upon the evidence. If you are satisfied that the prepared surface of one of the sides of these boxes was so substantially a part of the design of the box that it enters materially into the value; that it enhances the commercial

value of the matches that are in the boxes, and is so regarded both by the buyer and the seller, and is designed for that purpose,—then that design and use is within the proviso of section 7 of the statute. But if you do not find this prepared surface to be either essential, or substantially important, or as a material element relied upon by either side, or expected to be, in ordinary traffic; if it is simply a matter of trifling convenience only, not materially affecting the use of the matches, or the value of the box of matches, and not designed to do so,—then, I think, it is not within the intention of that proviso.

Now, as bearing upon the question whether any such design was or was not found by the appraiser or collector, I may call your attention to the fact that the proviso does not authorize the appraiser, in any case whatever, to include the value of the box or covering in the estimated value of the goods imported. If the case is within the proviso, then the statute says that the box or case shall be "subject to a duty of one hundred per centum *ad valorem* upon the actual valuation of the same;" while the body of the same section says, generally, that the value of the box, etc., shall not be estimated as part of the value of the goods.

The proviso of section 7, however, authorizes the collector or the appraiser to enter upon the consideration of the question of what use the boxes or coverings were designed to subserve; because a duty of 100 per cent. *ad valorem* must be imposed on them if the design was of the kind indicated in the proviso. If, therefore, the appraiser in this case did actually enter upon that inquiry, and find the design indicated by the proviso, he acted within his jurisdiction, and within the line of his duty; and if the collector had made the liquidation upon a report by the appraiser upon such an inquiry, and such a finding, that would have been valid and binding in a suit like this.

The second question for you to consider, therefore, is whether there was any such inquiry or finding. Upon that point you have no testimony from the appraiser, and no other report save his indorsement: "Added to make market value in marketable condition." Nothing is said in this report about any other use designed than in *bona fide* transportation. The addition, moreover, is said to be made to make "market value in marketable condition." Boxes are not mentioned. If this means that the appraiser added the value of the boxes, to make the market value, not of the matches alone, but of the whole, that is precisely what the statute says he should not do; and doing that would render his appraisement, and the liquidation based on it, void.

Again, the statute says, in effect, that the boxes or coverings, if designed for such other use, shall be subject to a duty of 100 per cent. *ad valorem*. If any such design had been found by the appraiser, it would have been his duty to report accordingly, and the duty of the collector thereupon to assess the boxes at 100 per cent. *ad valorem*. But the papers in evidence show that the assessment

upon this report, and on the increase of value, is made, not at 100 per cent. on the increase, but at 35 per cent. only; the same rate of duty at which the matches were dutiable. The figures show that there is no question about that. The invoices, and the copy of the liquidation, afford a strong inference that the collector's office, at least, did not understand the appraiser's report to mean that there was such other use designed.

It is for you, however, to determine whether the appraiser has found these boxes to have been "designed for use other than in transportation to the United States," and whether the collector made this liquidation upon such a finding. If so, the plaintiff is entitled to a verdict. But if no such inquiry or finding was made; and if the value of the boxes was added to the market value of the matches, to be assessed with the matches, and at the same rate as a part of the entire value; and if you find that the boxes were the usual and necessary coverings of such goods,—then the officers did not act according to the statute, but contrary to it, and the appraisement and liquidation so made are void, and your verdict should be for the defendants.