## WINTERS *v.* CADWALADER.

*(Circuit Court, E. D. Pennsylvania. October 8, 1889.)*

1. **CUSTOMS DUTIES—CONSTRUCTION OF LAWS—COVERINGS OF MERCHANDISE**
   The purpose of section 7, Act March 3, 1883, (customs duties,) was to entitle importers of merchandise to relief from payment of duty upon the genuine means of preservation of merchandise in course of transportation, by removing the duty upon the box, wrappings, or coverings that were usual and necessary in inclosing, protecting, and carrying the goods, and imposing a duty amounting to a penalty on packages which were intended for a subsequent use.

2. **SAME—CLASSIFICATION—PICTURED BOXES—PENALTIES.**
   Cubical blocks, capable of being arranged in a series of pictures, were imported in a box which also contained pictures from which the pictures into which the blocks were arranged, were found and a similar picture on the top of the lid. Testimony was given that the picture was placed on the lid to save varnishing it. *Held,* in the opinion of the court, as the picture alone is used, and it differs in its use in no wise from the use of the other pictures contained in the box, the importer is not liable to the 100 per cent. penalty.

*Assumpsit* by Anton Winters against John Cadwalader, Collector.

This was a suit brought by the plaintiff to recover certain duties alleged by him to have been improperly exacted upon an importation of cubic picture blocks in boxes, upon the lids of which was pasted a picture into which the contents could be arranged. The appraiser returned

them as being for use other than the *bona fide* transportation of the goods, and assessed the duty at 100 per cent. The other five pictures into which the blocks could be arranged were upon separate sheets placed inside of the box, and the plaintiff testified that the reason why the sixth picture was pasted upon the lid of the box was merely to save the expense of varnishing, and did not affect the price of the article, but that when the contents were being used as toys the lid of the box was also used. The verdict was in favor of the plaintiff.

*Frank P. Prichard*, for plaintiff.

*J. R. Read*, U. S. Dist. Atty., and *W. Wilkins Carr*, Asst. U. S. Dist. Atty., for defendant.

BUTLER, J., (*charging jury orally.*) The court need not repeat the general observations made in your presence in the preceding case. The defendant, the government of the United States, for the purpose of getting before you its views of the law, has asked the court to charge you as follows:

"(1) If you believe that the boxes in question in this suit, are of a material or form designed for use otherwise than for the *bona fide* transportation of the goods to the United States, your verdict should be for the defendant."

That is true.

"(2) If you believe from the evidence, and an inspection of the sample box, that there was a substantial, material, and valuable use which these boxes were designed to subserve, and which was otherwise than to preserve the blocks and carry them in security, then your verdict must be for the defendant."

That is substantially the same thing, and is true.

"(3) If you believe that the material, the form, and picture upon the lid of the box, was so substantially a part of the design of the box, as to materially affect its value and the value of its contents, and is so regarded both by the buyer and the seller, and is designed for that purpose, then your verdict should be for the defendant."

That is true, also.

"(4) Even if you believe that the box or covering involved in this suit, is the usual and necessary covering of such goods, yet if you also believe that the material and form of the box was designed for use otherwise than for the *bona fide* transportation of the goods, then your verdict should be for the defendant."

That is but a repetition of the same thought contained in the points already read, and is affirmed.

"(5) If you believe that these boxes or coverings are constructed upon a plan which facilitates and contemplates their use in connection with their contents, while such contents are being themselves used, then they are designed for a use other than for transportation to the United States merely, and your verdict should be for the defendant."

That is another form of stating the same thing.

"(6) If you believe that there is a use made of the boxes, disconnected from the transportation, then your verdict should be for the defendant."

That is but a repetition of the same thing, and is true.

"(7) If there is a use for which these boxes are designed otherwise than for transportation only, although the use for transportation was also designed, then your verdict should be for the defendant."

That is the same thing slightly varied, simply in verbiage.

"(8) Your verdict should be for the defendant."

The eighth point asks us to take the case from the jury, and direct a verdict for the defendant, and this we decline to do. The purpose of the seventh section of the act of 1883 was to entitle importers of merchandise to relief from payment of duty upon the means of preservation of the merchandise in course of transportation. It was to relieve them from duty upon the box, wrappings, or coverings that are usual and necessary in inclosing, protecting, and carrying the goods in course of transportation. It was intended for nothing more. It was not intended to relieve any part of the merchandise from taxation, but was intended to relieve this covering from liability to taxation. Wherever it is made to appear that the covering, boxes, wrappers, or bags are not honestly intended simply for that use, but for an additional or other use, or where it is shown that they are designed—that is, that they are applicable and intended, judging by their construction and subsequent use—for another additional use, then the law punishes the use of such wrapper or covering or box by subjecting it to a very high rate of duty, a duty amounting to a penalty, 100 per cent. This provision of the statute is entitled to a reasonable construction. It is not to be forced. Where it is shown with plainness that the covering is designed for another use than that of protecting the goods, securing them in the course of transportation, the importer who uses such covering is subjected to the penalty provided by this proviso to the seventh section. Unless that appears, the importer should not be subjected to the penalty.

The question here is whether or not, in this instance, it appears by the evidence that these boxes were designed for any other use than that of covering and protecting the merchandise in the course of transportation. The merchandise consisted of blocks and pictures. Was the box designed for any other purpose than covering, protecting, and conveying them? The pictures especially needed protection. You see what they are. They are laid out in the form in which you see them. The blocks might possibly be huddled into a box of any form, but the pictures require better care. The testimony is that it is the universal custom to transport them in boxes of this kind; and it does not seem to be questioned here, and probably is not open to question, that if the boxes were plain, (and they are plain except as respects the lid,) if they did not have one of the pictures pasted upon the lid, the government would have no case. If that was so, the duty would be improperly exacted, and should be returned. These blocks are designed to form six distinct pictures, and the pictures for which they are designed accompany the box; five of them are placed inside, and one on the lid. The testimony is that the picture placed upon the lid, being itself varnished, serves the purpose of varnishing the lid, but that if the picture was not placed there the lid itself would have to be varnished, so as to make it impervious to

the moisture of the sea atmosphere. Therefore the picture is pasted upon it. Is there evidence that these boxes are used for a purpose other than that of protection and conveyance in transportation? It is not contended that any part of the box is used but the lid. Is the lid used? The picture is used; and it is on the lid. If it was not on the lid, it would be inside the box; the child would take it out, and place it on the lid, or on the floor, a table, or anything else large enough to support it. Is it a justifiable conclusion that, because the manufacturer pastes a picture on the lid instead of putting it inside, and allowing the child, when he opens the box, to place the picture on the lid, that the box, or any part of it, is designed for any other purpose than of transportation? I do not hesitate to say to you that in the judgment of the court it is not. The question is one of fact, however, and is for you; but it seems to me to be so plain that I am not only justified in saying this, but called upon to say it. It is the picture that is used; it is not the lid of the box, any more than the lid of the box would be used if it was merely employed as a support for the paper by the child. The picture belongs in the set. If not on the outside of the box, it would be inside. Of what importance is it whether it is attached to the lid of the box, in so far as the use of the picture is concerned? The other pictures are used; they are all subject to the necessity of being placed upon a support. It is for you to say whether it would be just to conclude that this box, because one of the pictures is pasted upon the surface, to avoid the necessity of varnishing, is designed for other use than that of transportation. In the judgment of the court it is not, but the question is for you, and you will decide it. The provision of the statute is intended to punish a party who uses coverings for the double purpose of importation and a subsequent and other use, and must have a reasonable construction, not a forced one. It subjects importers to the payment of a penalty, and unless it is clear they have violated the law they should not be thus punished. The case differs altogether in its aspects from the case previously decided. *Martindale* v. *Cadwalader*, *ante*, 403.