UNITED STATES v. RICHARDS et al.

(Circuit Court, S. D. New York.   January 31, 1895.)

No. 1,877.

CUSTOMS DUTIES—COVERINGS OF IMPORTATIONS—ADDITIONAL DUTY.

Wooden cases with cardboard partitions, in which opal glass bottles were packed and imported, being usual packages for such bottles, are not subject to additional duty as "unusual coverings," or as designed for any other use than the bona fide transportation of said bottles to the United States, within Act June 10, 1890, § 19.

This was an application by the United States for a review of the decision of the board of general appraisers reversing the decision of the collector of the port of New York as to the rate of duty on certain merchandise imported by C. B. Richards & Co.

The importations in question were opal glass bottles, packed in wooden cases with cardboard partitions.   The collector imposed an ad valorem duty upon the bottles and the cases, and also an additional duty upon the cases, under section 19 of the act of June 10, 1890, upon the ground that they were unusual packages.   The board of general appraisers decided that the additional duty was improperly imposed.   The collector appealed.   Affirmed.

Jason Hinman, Asst. U. S. Atty., for collector.
Everit Brown (of Comstock & Brown), for importers.

COXE, District Judge (orally).   The articles imported were opal glass bottles.   They were imported in wooden cases having cardboard partitions.   The only question for the court to determine is whether or not the packages in which they were imported were unusual and designed for use other than in the bona fide transportation of the bottles to the United States.   The trend of judicial decision upon this question is to the effect that the additional duty cannot be levied unless it appears that it was the intention of the importer to introduce into the United States some article under the guise of a covering which is designed by him for use other than as a covering after the importation is completed.   If the covering is suitable, proper and not out of the ordinary, it should not be subjected to the additional duty.   The court cannot say that this importer intended—to put it plainly—to commit a fraud upon the revenue or to introduce here the wooden cases for use other than as bona fide packages for his bottles.   Of course bottles of this character require a package of some kind.   To

place them in a common wooden box, and prevent breakage by placing straw or pasteboard between them, would seem to be a proper and usual manner of packing. Upon the evidence before the board it is quite clear that this importer has for a number of years been importing these bottles in precisely the same way in which the bottles in question were imported. The board of appraisers reached a correct conclusion when they said this was a usual package for these bottles. Other importers may have brought in other bottles, or possibly similar bottles in a different way, but to say that the packages in question are exceptional, unusual, and so out of the ordinary, as to bring them within the provision in question does not seem to be warranted by the proof. The decision of the board is affirmed.