(C. D. 267)

W. X. HUBER CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 15, 1939)

*Philip Stein* for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: In this case two questions are presented for our consideration as follows: (1) Certain dried fungus, assessed at 50 per centum ad valorem under paragraph 774, act of 1930, as vegetables in their natural state, is claimed properly dutiable at 35 per centum ad valorem under paragraph 775, as prepared vegetables. (2) Certain

plain brown earthenware containers, assessed at 35 per centum ad valorem under paragraph 775, the rate applicable to the contents, and an additional assessment at 45 per centum ad valorem and 10 cents per dozen pieces under paragraph 211, by virtue of section 504, relating to unusual coverings, are here claimed dutiable only at the rate of their contents, plaintiff contending that the earthenware jars are the usual and ordinary containers of salted cabbage.

At the trial it was stipulated and agreed between counsel that the dried fungus is the same in all material respects as the merchandise the subject of decision in the case of *Quong Yu Wo* v. *United States*, T. D. 48003, wherein it was held that edible fungus, which is cleaned by washing and sun drying, is properly dutiable as vegetables, prepared or preserved, at 35 per centum ad valorem. The record in that case was incorporated with and made a part of the record herein.

In accordance with the agreed statement of facts, and following the decision cited, we hold that the dried edible fungus is properly entitled to duty at 35 per centum ad valorem under paragraph 775 as claimed.

The importer testified relative to the earthenware containers of dried cabbage that he had been purchasing salted cabbage in earthenware containers for over 30 years; that previous to 1931 dried cabbage in such containers had been purchased through other San Francisco importers, but since that time he had imported the same directly from China. During his experience the cabbage had always been imported in the same kind of containers; that such containers were in his opinion more suitable to the purchaser's fancy and the dried salted cabbage contained therein is better preserved in earthenware containers. He also stated that the price of dried salted cabbage in tin containers was the same as in earthenware jars and thereby the sale price of the cabbage was not enhanced.

The importer had observed the disposition of the container after it had been sold to the consumer and also had had personal experience with its use after emptying. From his observation and experience the earthenware jar after the removal of the dried salted cabbage is merely waste and is thrown away. In his opinion the jars are too small to be of any use and too common in appearance for use as ornaments.

Upon behalf of the Government the customs examiner testified that he had seen similar articles used for individual bean pots and had taken similar earthenware pots home and given them to friends who valued them for their artistic appearance and that he had frequently personally used in baking beans two pots of the same composition, although of quite different shape and having a wider mouth. Although the pots in question were quite small, it was his opinion that they might have a use as individual bean pots.

A sample of an earthenware jar containing salted cabbage was admitted in evidence as illustrative of the earthenware containers in question. An inspection thereof reveals that it is of very cheap construction, brown in color, having many flaws and entirely lacking in artistic appointments or workmanship. There is no cover for the pot and the construction of the opening is such that it is apparent that it was not designed to be covered. The flange at the bottom of the jar is unglazed, accentuating the poor workmanship and unartistic appearance.

The section of the Tariff Act of 1930, by virtue of which the merchandise was assessed with additional duty, provided as follows:

SEC. 504. COVERINGS AND CONTAINERS.

If there shall be used for covering or holding imported merchandise, whether dutiable or free of duty, *any unusual material, article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States*, additional duties shall be levied upon such material, article, or form at the rate or rates to which the same would be subjected if separately imported. [Italics not quoted.]

The provisions in the act of 1930, relative to the assessment of duty upon containers of an unusual character and designed for use otherwise than in the transportation of the merchandise contained therein, have long been the subject of decision by the courts. In the case of *Oberteuffer* v. *Robertson*, 116 U. S. 499, in construing a provision in the Tariff Act of 1883, the Supreme Court stated that the provision implied that if the coverings are not of a material or form designed to evade duties thereon, and are designed to be used in the bona fide transportation of the goods to the United States, they are not subject to duty. The court found that certain containers were designed to be used in the bona fide transportation of goods to the United States, not only because they were and had been a customary article in the trade for covering and transporting such goods, but also because they were intended to accompany the goods and remain with them in the hands of the retail dealer until the goods should be sold to the consumer.

In the case of *Winters* v. *Cadwalader*, 42 Fed. 405, Judge Butler, in his charge to the jury, stated that—

Wherever it is made to appear that the covering, boxes, wrappers, or bags are not honestly intended simply for that use but for additional or another use, or where it is shown that they are designed, that is, that they are applicable and intended, judging by their construction and subsequent use, for another additional use, then the law punishes the use of such wrapper or covering or box by subjecting it to a very high rate of duty. * * * This provision of the statute is entitled to a reasonable construction.

In *United States* v. *Thurber*, 28 Fed. 59, the court instructed the jury that they must find that the boxes there in question were designed to subserve a substantial, material, and valuable use after transporta-

tion in order to warrant them in finding the boxes were unusual coverings.

In *United States* v. *Richards*, 66 Fed. 730, the Circuit Court stated that the trend of judicial decision upon this question is to the effect that the additional duty cannot be levied unless it appears that it was the intention of the importer to introduce into the United States some article under the guise of a covering which is designed by him for use other than as a covering after the importation is completed, and that if the covering is suitable, proper, and not out of the ordinary, it should not be subjected to the additional duty.

In the case of *United States* v. *Hohner*, 4 Ct. Cust. Appls. 122, T. D. 33393, the court stated that Congress contemplated that the coverings or containers of imported merchandise, if they are such as are customarily and ordinarily used in its transportation are not separately dutiable under the provisions relating to unusual containers. However, if it appears that they are unusual and designed for some substantial, material, or valuable use other than that of holding or containing the merchandise while being transported, they are then subject to the additional duty. In this connection the court held that an incidental use of the covering may be enjoyed by the retailer in selling the particular merchandise transported in the covering, but if it appears that after its use as a container of imported merchandise it becomes a subject of trade and commerce, or if it is generally devoted to other uses, its adaptability to which is an important inducement to the consumer to purchase the same with its contents, or if it is sold with its contents and materially enhances the value thereof to the consumer, any such facts may warrant its separate duty assessment under the section.

In the case of *Meyer & Lange* v. *United States*, 12 Ct. Cust. Appls. 15, T. D. 39892, mustard was imported in decorated earthenware mugs. The assessment as unusual containers was upheld by the court, first, because it was quite apparent that these mugs had not been the ordinary and usual containers of mustard; second, that the coloring and decoration suggested at once a purpose of imparting such attractive features to the mugs that they became an important inducement to the consumer to purchase the same with their contents; and third, that the size of the mugs suggested that they have a greater adaptability for other uses after the mustard had been taken therefrom; and fourth, that it was obvious that the handles upon the mugs suggest that they were designed for use otherwise than in the bona fide transportation of mustard to this country, the handles would naturally be a detriment in transportation rather than a benefit.

The jars before us are not analogous to the containers the subject of decision in the *Meyer & Lange* case, *supra*. Here the earthenware jars are the customary containers of salted cabbage and so used for

over 30 years. The character of the containers does not enhance the price of the contents, nor do they have any attractive features. The design thereof does not suggest any use therefor other than as containers. Judging from the construction and appearance and the uncontroverted evidence, the containers are discarded after the removal of their contents as having no substantial or valuable use thereafter. From a careful consideration of the evidence we fail to find anything to justify a holding that the jars were designed to subserve a substantial, material, or valuable use after transportation that would warrant their being assessed as articles unusual in material or designed for purposes other than the bona fide transportation of salted cabbage.

For the reasons stated judgment will be entered in favor of the plaintiff directing the collector to reliquidate the entry assessing duty upon edible fungus at 35 per centum ad valorem under paragraph 775, and upon earthenware jars, the usual containers of salted cabbage, at the rate of the contents.