**No. 54162.**—Geo. Wm. Rueff, Inc. v. United States, protest 150236–K/13024 (a) (New Orleans).

Opinion by JOHNSON, J.   Following the authorities cited in Abstract 15400 the court dismissed the protest.

BEFORE THE FIRST DIVISION, MARCH 30, 1950

**No. 54163.**—I. B. Cohen & Sons Corp. v. United States, protest 135305–K (New York).

Opinion by OLIVER, C. J.   At the trial it was stipulated that the statuettes are "composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum or other metal but not plated with platinum, gold, or silver, or colored with gold lacquer." It was further stipulated that the "glass container is specifically designed to contain the article therein and that it is the usual container for the merchandise involved." A sample of the item in question, received in evidence as exhibit 1, consists of a glass container measuring approximately 1½″ by 1⅜″ by ⅜″ thick, divided into two compartments, each of which contains a religious aluminum statuette. The container is fitted with a fancy aluminum-hinged cover which, when snapped into place, holds the figures enclosed but visible through two doorlike windows of what appear to be plastic material. On the record presented it was held that the statuettes in question are dutiable as claimed and that the glass containers are likewise dutiable at the same rate as their contents. W. X. Huber Co. v. United States (3 Cust. Ct. 316, C. D. 267) followed.