(C.D. 2566)

PERRYMAN, MOJONIER COMPANY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided August 31, 1965)

*Gustave Springer* for the plaintiff.
*John W. Douglas,* Assistant Attorney General (*Glenn E. Harris,* trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges

DONLON, Judge: The issue here is whether hyacinth bulbs which, as imported, were packed individually in a waterproof decorated ready-to-grow paper container, with a small quantity of wood shavings, are entitled to *eo nomine* classification as hyacinth bulbs, as the protest claims; or are nonenumerated manufactured articles which are dutiable under paragraph 1558, as the collector classified them.

The facts are not in dispute. Articles representative of the imported article, except that the bulbs in the container are old and decayed and not in the fresh condition of the imported bulbs, are in evidence. (Exhibits 1 and A.) That the bulbs of the importation were hyacinth bulbs is conceded.

Mr. John Bader, testifying for plaintiff, said that he is a director of J. Onderwater & Co., the firm in Holland which exported this merchandise; that his duties as director are primarily selling; and that he has been working for Onderwater for 15 years, since he was 13 years old, having worked in the planting, harvesting, cleaning, packing, and selling of bulbs. He has sold bulbs in the United States, Canada, England, Germany, Sweden, and Belgium.

Bulbs packed as illustrated by exhibits 1 and A are sold to large

retail chains, such as food stores, variety stores, and department stores. They are offered as potted hyacinths for indoor growing.

Exhibit 2 is a poster, prepared and distributed by Onderwater, which is put up by retailers in their stores.

The individual hyacinth pots, such as exhibit 1, are packed and displayed for sale in cartons of 24. Exhibit 3 illustrates this carton. Each carton contains hyacinth bulbs that will grow flowers different in color, and the flower color of each bulb is shown by the color of the top of the paper pot, or container.

Hyacinth bulbs are sold also by Onderwater in bulk (a thousand bulbs to a case) and in packages, or boxes, that contain five or six bulbs each, sometimes three bulbs each. Exhibit 4 is an empty box illustrative of the package in which such bulbs are sold. The bulbs are identical, however they are packed for sale; except that bulbs designed for indoor planting, or indoor forcing, are given a cooling treatment, and this is so regardless of how the bulbs for indoor forcing are packed.

The bulbs of this importation are ready to grow by adding water and following directions which are printed on the bottom of the paper pot, or container.

Neither the bulb nor the paper container has any value or usefulness after the flowering; all bulbs which are indoor forced are valueless after flowering.

Paragraph 753, Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), provides as follows:

"hyacinth bulbs, $2 per thousand."

It is a well-settled principle of customs law that an *eo nomine* designation of an article, without limitations or shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, will include all forms of the article. In *Nootka Packing Co. et al.* v. *United States*, 22 CCPA 464, T.D. 47464, an early case applying this principle, clam meat which had been separated from the clams, washed, minced, canned in brine, and cooked, was held to be clams. These processes, although concededly advancing the clam meat for its intended use as food, did not remove it from the *eo nomine* tariff designation for clams, since that designation included clams in any condition so long as they are clams. See, also, *Balfour, Guthrie & Co., Ltd.* v. *United States*, 5 Cust. Ct. 180, C.D. 397 (palm oil, separated into oleine and stearine, held palm oil and not an unenumerated manufactured article).

Plaintiff contends that, under such cases and a line of similar precedents, these hyacinths, although packaged in ready-to-grow paper pots, are still hyacinth bulbs. Defendant contends that, as packaged, they no longer are the tariff articles described as "hyacinth bulbs."

We share plaintiff's view. The extensive processing of clams into minced and cooked clam meat, described in *Nootka, supra*, was held by our appeals court not to change their tariff status as clams. It is difficult, therefore, to see why the packaging of a hyacinth bulb in a specially designed container, packed in sawdust, admittedly advancing the bulb closer to its intended use for growing a hyacinth flower, would make it cease to be a hyacinth bulb.

Defendant does not assert that these are hyacinths packaged in unusual containers, and we do not consider whether this may be so. As our appeals court stated in *Meyer & Lange* v. *United States*, 12 Ct. Cust. Appls. 15, T.D. 39892, in considering mustard which was imported in re-usable jugs, if containers of the imported articles are unusual and designed for some substantial, material, or valuable use other than that of holding or containing the merchandise while being transported, they are subject to additional duty. There was no contention that the mustard in jugs had, by virtue of such packaging, ceased to be mustard.

Here, to be sure, the evidence of record is that the hyacinth bulb containers were neither substantial nor valuable, but they had a use beyond merely holding or containing the merchandise while being transported, namely, the use of holding or containing the bulbs while they are growing.

We are of opinion that these hyacinth bulbs are within the unlimited *eo nomine* classification of hyacinth bulbs, for they are still hyacinth bulbs although they have been somewhat advanced for use as such bulbs.

The protest is sustained. Judgment will be entered accordingly.