(C. D. 1500)

INDUSTRIAL OPERATIONS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 18, 1953)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Charles J. Wagner,* Acting Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The merchandise which gives rise to this controversy consists of motorcycle speedometers represented by plaintiff's exhibit 1 together with certain flexible shafts and couplings illustrated by plaintiff's exhibit 2 and illustrative exhibit 3, respectively, for use in attaching said speedometers to motorcycles.

The speedometers were classified by the collector of customs as devices intended or suitable for measuring distance or speed, valued at more than $2.25 but not more than $5 each, pursuant to the terms of paragraph 368 (a) (1) (2) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 368 (a) (1) (2)), and duty was assessed thereon at the rate of $1.50 each, plus 65 per centum ad valorem. The shafts and couplings were classified as parts of said devices as provided in paragraph 368 (c) (3) of said act (19 U. S. C. § 1001, par. 368 (c) (3)) and subjected to duty at the rate of 65 per centum ad valorem, plus 3 cents for each such part.

Plaintiff claims that the items in controversy should be classified as parts of motorcycles which are provided for in paragraph 369 (c) of said act (19 U. S. C. § 1001, par. 369 (c)), as modified by the trade agreement between the United States and the United Kingdom, 74

Treas. Dec. 253, T. D. 49753, and assessed with duty at the rate of 15 per centum ad valorem.

The competing paragraphs referred to, *supra*, so far as pertinent, read as follows:

PAR. 368. (a) * * * any mechanism, device, or instrument intended or suitable for measuring time, distance, speed, or fares, * * * or for regulating, indicating, or controlling the speed of arbors, drums, disks, or similar uses, or for recording or indicating time, or for recording, indicating, or performing any operation or function at a predetermined time or times, * * *

(1) If valued * * * at more than $2.25 but not more than $5 each, $1.50 each; * * *

(2) any of the foregoing shall be subject to an additional duty of 65 per centum ad valorem;

PAR. 368. (c) Parts for any of the foregoing shall be dutiable as follows:
    *         *         *         *         *         *         *

(3) each assembly or subassembly * * * consisting of two or more parts or pieces of metal or other material joined or fastened together shall be subject to a duty of 65 per centum ad valorem and, in addition, to a duty of 3 cents for each such part or piece of material * * *.

PAR. 369. (c) [as modified, *supra*] Parts (except tires and except parts wholly or in chief value of glass) for motor cycles, finished or unfinished, not specially provided for, 15 per centum ad valorem.

There appears to be substantial agreement between the parties hereto that the controverted merchandise consists of parts of motorcycles. It was the uncontradicted testimony of Joseph Berliner, the witness who appeared on behalf of plaintiff, that the speedometers and parts in issue were designed for a particular type of article, namely, a 125 CCM Jawa motorcycle; that they are essential to its operation, and he knows of no other use to which they may be put. He stated further that the articles in controversy are necessary for the operation of a Jawa motorcycle to indicate the speed in the breaking in of one of said motorcycles and for the purpose of observing speed laws.

The only difference between the parties hereto on the facts of the case appears to be with regard to the accuracy with which the speedometers perform their function of indicating speed and recording mileage, the plaintiff contending that the articles do not measure up to the accuracy required of devices classifiable within the provisions of paragraph 368 (*United States* v. *United Geophysical Company*, 38 C. C. P. A. (Customs) 137, C. A. D. 451), and the defendant claiming that they do conform.

Plaintiff's witness, Berliner, while stating that there was nothing defective with the internal mechanism of the speedometers in controversy, testified that their accuracy was subject to a 5 per centum, plus or minus, error.

In contradiction of this evidence the defendant offered the testimony of Domenick Pappagallo who had been an instrument technician for approximately 2 years, his duties consisting of overhauling and

calibrating automotive instruments such as magnetic and chronometric speedometers, tachometers, temperature gauges, fuel gauges, and oil-pressure gauges. He stated that the Nisonger Sales Co., by whom he is employed, is equipped with instruments for checking the accuracy of speedometers. On being asked the result of his test of the merchandise in issue, he stated—

I found the calibration speed of the speedometer, I ran the speedometer up at 60 miles and I waited until the odometer changed to the next digit. I believe it was up to five miles at the time and I had a chronograph. I started it going as soon as the odometer changed at 60 miles an hour. My master indicated 1650 r. p. m. at the end of one minute, the digit changed that indicated the total mileage changed one mile and that was the end; so as I could find the calibration point now I ran the instrument from the—from ten miles to 60 miles per hour and I found at the ten mile per hour, the instrument was one-half mile fast then from 20 to 60, it was accurate all the way.

He testified that in his opinion the speedometer represented by exhibit 1 is an accurate instrument.

From the record as presented, we find as a fact that the speedometers are parts of motorcycles and possess the degree of accuracy required of articles for classification within the provisions of paragraph 368 (a).

In the well-prepared briefs of counsel for both parties, many cases have been cited in support of their opposite contentions, and due consideration has been given to them.

The facts before us disclose that the speedometers and parts thereof presently in issue are encompassed by the language of paragraph 368 (a) (1) (2) and (c) (3) for devices for measuring speed and distance, as classified by the collector, and likewise by the provision in paragraph 369 (c), as modified, *supra*, for parts of motorcycles.

In essence, therefore, the question presented for our determination is solely one of law, namely, which of the statutory provisions above referred to is the more specific.

In the case of *United States* v. *R. W. Cramer & Co., Inc.*, 22 C. C. P. A. (Customs) 45, T. D. 47049, where the provision in paragraph 368 (a) for "* * * any mechanism, device, or instrument intended or suitable for * * * performing any operation or function at a predetermined time or times" was in controversy, it was stated by our appellate court that such a provision was a classification by use. Similarly, in the present case, the provision in said paragraph 368 (a) for "* * * any mechanism, device, or instrument intended or suitable for measuring * * * distance [and], speed * * *," is likewise a classification by use.

The provision relied upon by plaintiff herein for classification of the speedometers and parts as "Parts * * * for motor cycles" is also a use provision. For analogy, we cite *United States* v. *Lyon & Healy*, 4 Ct. Cust. Appls. 438, T. D. 33873, wherein reference was made to "parts of musical instruments." The court in that case stated—

The phrase "parts of musical instruments," as applied to merchandise of more or less definite construction, makes it dutiable according to use. * * *

We find, therefore, that the competing provisions before us are both applicable not only as to scope of descriptive language but also because both provisions are controlled by use. Further on the point of use, it is observed that "Parts * * * for motor cycles" is a provision for a single or a specific use, whereas the provision for measuring devices embraces articles designed for use on various instruments.

A similar duality was presented in the case of *United States* v. *Herman H. Sticht & Co.*, 22 C. C. P. A. (Customs) 40, T. D. 47048, where the issue was the proper classification of certain indicators which were attached to the transmitter of a radio telegraph apparatus to indicate the average number of words transmitted during a given time. The merchandise had been classified as a "mechanism, device, or instrument intended or suitable for * * * indicating * * * the speed of arbors * * * or similar uses" within the provisions of paragraph 368 (a), *supra*, and was held to be properly subject to duty as a part of "electrical telegraph, * * * radio, * * * devices" as provided in paragraph 353 of the act of 1930. In arriving at its conclusion therein, the court stated—

* * * Assuming, without deciding, that the devices in question fall within the descriptive terms of said paragraph 368, nevertheless the wireless telegraph transmitters to which they are attached are *eo nomine* provided for in paragraph 353, either as "electrical telegraph" or as "radio" apparatus. We think the transmitting apparatus is properly defined by either term. The device in question is a part of an electrical telegraph apparatus, or a part of a radio apparatus, and we think that a "part" of such apparatus provided for in paragraph 353 is a more specific designation than the general descriptive language of a "mechanism, device, or instrument intended or suitable for * * * indicating * * * the speed of arbors, * * * or similar uses", found in paragraph 368.

It is true, as pointed out by the Government, that paragraph 353 contains the clause "not specially provided for", while paragraph 368 does not. However, it is well settled by this court that if an article is more specifically described in a paragraph containing the "not specially provided for" clause than in a paragraph not containing such clause, the presence of the clause in the one paragraph will not have the effect of excluding the article from the paragraph where it is more specifically provided for. *Knauth, Nachod & Kuhne* v. *United States*, 4 Ct. Cust. Appls. 58, T. D. 33307; *Loewenthal & Co.* v. *United States*, 6 Ct. Cust. Appls. 209, T. D. 35464; *Comstock & Theakston* v. *United States*, 12 Ct. Cust. Appls. 502, T. D. 40698.

* * * * * * *

We think it is clear that when Congress provided *eo nomine* for telegraph and radio apparatus, and for parts thereof, in said paragraph 353, it intended that all such should be dutiable thereunder, unless more specifically described elsewhere in the tariff act. Being of the opinion that the articles here in question are more specifically described as parts of electric telegraph or radio apparatus than as devices for indicating the speed of arbors, or having similar uses, we hold that they are properly classifiable under said paragraph 353 * * *.

All other considerations being equal, it is our opinion that the provision for "Parts * * * for motor cycles" in paragraph 369 (c) is a more specific designation than the general descriptive language of a "mechanism, device, or instrument intended or suitable for measuring * * * distance [and], speed," as provided in paragraph 368 (a), *supra*. The fact that the former provision contains the clause "not specially provided for," whereas the latter provision does not, has no effect upon our conclusion herein.

It was the contention of defendant in its brief that if the competing paragraphs in issue should be found of equal applicability, then, in accordance with paragraph 1559 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 1559), paragraph 368 (a), *supra*, providing the higher rate of duty, should prevail, which was the conclusion arrived at by the appellate court in the *Cramer* case, *supra*. In that case, the court had before it certain electric automatic time switches stipulated to have been "manufactured and used solely for controlling and distributing electrical energy." The collector classified the merchandise within the provisions of paragraph 368 (a), *supra*, for "any mechanism, device, or instrument intended or suitable for * * * performing any operation or function at a predetermined time or times." The plaintiff therein contended that the merchandise should have been classified as "All articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy" as provided in the first subdivision of paragraph 353 of the Tariff Act of 1930. The court there found that both provisions were use classifications which would encompass the articles in controversy but that neither of the provisions was more specific than the other as related to the particular importation. Paragraph 1559, *supra*, being designed for just such an eventuality, its provisions were applied and paragraph 368 (a), providing the higher rate of duty, was found to be the proper classification.

On the facts before us in the present case, however, although there is merchandise which is similarly embraced by two provisions of the tariff act, each of which is a "use" provision, we have found, as indicated, *supra*, that the provision of paragraph 369 (c) of the Tariff Act of 1930, as modified, *supra*, is more specific than the terms of paragraph 368 of said act, as applied to the speedometers and parts in issue. It follows, therefore, that defendant's contention for the application of the provisions of paragraph 1559 has no merit in the present controversy.

On the record, we find and hold that the speedometers and parts, the subject of this protest, are properly dutiable at 15 per centum ad valorem in paragraph 369 (c), as modified, *supra*, as "Parts * * * for motor cycles." That claim of plaintiff is, therefore, sustained.

Judgment will be entered accordingly.