(C. D. 1502)

Voss Cutlery Co., Inc. *v*. United States

United States Customs Court, Second Division

(Decided February 26, 1953)

John D. Rode for the plaintiff.

Charles J. Wagner, Acting Assistant Attorney General (Richard H. Welsh and Richard M. Kozinn, special attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: Certain imported articles described on the consular invoice as scissors were classified by the collector of customs as blades for pocketknives pursuant to the provisions of paragraph 354 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 354).

Inasmuch as the articles were of different qualities, those valued at more than $1.25 and not more than $3 per dozen were assessed with duty at the rate of 18 cents each and 55 per centum ad valorem; and those valued at more than $3 and not more than $6 per dozen were assessed at the rate of 25 cents each and 50 per centum ad valorem.

Primarily, it is the contention of plaintiff that the articles are properly dutiable at 11 cents each plus 55 per centum ad valorem in accordance with the terms of said paragraph 354.

Alternatively, it is claimed that said articles are properly dutiable at 15 cents each plus 35 per centum ad valorem in paragraph 357 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 357), as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade, 84 Treas. Dec. 403, T. D. 52373, effective May 30, 1950, by proclamation of the President, 85 Treas. Dec. 138, T. D. 52476.

## THE STATUTES

Paragraph 354, supra, invoked by the collector of customs, is set forth below, the parts pertinent to this discussion being stressed:

PAR. 354. Penknives, pocketknives, clasp knives, pruning knives, budding knives, erasers, manicure knives, and all knives by whatever name known, including such as are denominatively mentioned in this Act, which have folding or other than fixed blades or attachments, valued at not more than 40 cents per dozen, 1¼ cents each and 50 per centum ad valorem; valued at more than 40 and not more than 50 cents per dozen, 5 cents each and 50 per centum ad valorem; valued at more than 50 cents and not more than $1.25 per dozen, 11 cents each and 55 per centum ad valorem; valued at more than $1.25 and not more than $3 per dozen, 18 cents each and 55 per centum ad valorem; valued at more than $3 and not more than $6 per dozen, 25 cents each and 50 per centum ad valorem; valued at more than $6 per dozen, 35 cents each and 55 per centum ad valorem; blades, handles, or other parts of any of the foregoing knives or erasers shall be dutiable at not less than the rate herein imposed upon knives and erasers valued at more than 50 cents and not exceeding $1.25 per dozen; cuticle knives, corn knives, nail files, tweezers, manicure

or pedicure nippers, and parts thereof, finished or unfinished, by whatever name known, 60 per centum ad valorem: *Provided*, That any of the foregoing, if imported in the condition of assembled, but not fully finished, shall be dutiable at not less than the rate of duty herein imposed upon fully finished articles of the same material and quality, but not less in any case than 15 cents each and 55 per centum ad valorem: * * *.

Paragraph 357, as modified, *supra*, reads as follows:

All scissors and shears (not including pruning shears or sheep shears), and blades for the same, finished or unfinished:

| | |
|---|---|
| Valued at not more than 50 cents per dozen | 1¾¢ each and 22½% ad val. |
| Valued at more than 50 cents and not more than $1.75 per dozen | 7½¢ each and 22½% ad val. |
| Valued at more than $1.75 per dozen | 15¢ each and 35% ad val. |

An analysis of the statutes quoted above convinces us that the primary claim of plaintiff should be sustained.

The merchandise in controversy is represented by exhibit 1, the over-all length of which is approximately 2⅞ inches. It consists of two bevel-edged blades pivoted together so that the edges slide one by the other in a manner common to ordinary scissors. The article is without a handle but is so shaped at one end as to adapt it for use in the manufacture of pocketknives. It is not equipped with finger holes but has a ribbon spring to facilitate its use after being fitted into the handle of a pocketknife, for which purpose the imported article is exclusively designed.

Mr. Thalmann, the only witness in the case, testified that he was associated with the Voss Cutlery Co., Inc., the plaintiff herein, importer and manufacturer of cutlery, and on cross-examination, gave the following testimony with respect to exhibit 1:

X Q.   I believe you stated that that was a scissors?—A.   That's right.

X Q.   Would you sell that as a scissor? Exhibit 1?—A.   Not practically.

X Q.   Would you sell it as a scissor?—A.   No.

X Q.   Why not?—A.   Because it isn't practical in its present use.

X Q.   Why is it not practical in its present use; in its present condition?—A.   It has no finger hold.

Since the article in controversy is specially designed for use in the manufacture of pocketknives and has no practical use until it is installed in pocketknives, it would seem to be clearly within the description of "blades * * * or other parts of any of the foregoing" in paragraph 354, *supra*.

An examination of paragraph 354 reveals that the first portion of it provides specifically for "Penknives, pocketknives, clasp knives, pruning knives, budding knives, erasers, manicure knives, and all

knives by whatever name known, including such as are denominatively mentioned in this Act, *which have folding or other than fixed blades or attachments."* [Italics supplied.]

The articles above described are subjected to a sliding scale of rates of duty depending upon their value per dozen, six different rates in all being specified. However, when we reach the provision for "blades * * * or other parts of any of the foregoing knives," paragraph 354 provides that they "shall be dutiable at not less than the rate herein imposed upon knives * * * valued at more than 50 cents and not exceeding $1.25 per dozen." That is the only rate of duty specifically provided for any of the blades or parts "of any of the foregoing knives," and we find no statutory authority for imposing the rates invoked by the collector of customs in this case. Of course, Congress could have expressed it in another way and have said that "blades * * * or other parts of any of the foregoing knives * * * shall be dutiable at 11 cents each and 55 per centum ad valorem." However, since it did not do so, it would be idle to speculate upon its reason for the statutory language which it did adopt.

Further reference to paragraph 354 discloses that following the provision for knives of various kinds and their parts, the paragraph also enumerates:

* * * cuticle knives, corn knives, nail files, tweezers, manicure or pedicure nippers, and parts thereof, finished or unfinished, by whatever name known, 60 per centum ad valorem.

The language just quoted manifests a clear intent of Congress to impose the same rate of duty on said "parts" as upon the articles of which they are part.

Paragraph 354 continues with a proviso which reads:

*Provided,* That any of the foregoing, if imported in the condition of assembled, but not fully finished, shall be dutiable at *not less than* the rate of duty herein imposed upon fully finished articles *of the same material and quality, but not less in any case* than 15 cents each and 55 per centum ad valorem: * * *. [Italics supplied.]

In the proviso above set forth, Congress has taken care to expressly provide a sliding scale of rates on "any of the foregoing, if imported in the condition of assembled, but not fully finished," with the further proviso, however, that such rates shall not be less than 15 cents each and 55 per centum ad valorem.

Reference may be made to other paragraphs of the Tariff Act of 1930 *in pari materia* where Congress has employed similar terminology in fixing rates of duty. Note paragraphs 219, 328, 372, 812, 1111, 1404, 1503, 1527, and 1532.

As above indicated, while paragraph 354 provides a sliding scale of rates of duty for the various knives and other articles enumerated

in the first portion of the paragraph, we find no authority in the statute for imposing a sliding scale of rates of duty upon blades or other parts of such articles, and we are of the opinion that Congress in substance provided a fixed rate for such blades and other parts of knives at 11 cents each and 55 per centum ad valorem.

With respect to the alternative claim of plaintiff for classification of the imported articles as scissors in paragraph 357, as modified, *supra*, we are of the opinion that this claim is untenable. As pointed out earlier in this opinion, the testimony of the witness introduced by plaintiff clearly indicates that the articles are not scissors. Moreover, plaintiff in its brief admits that—

* * * by its very terms, Paragraph 354 provides that blades for pocketknives shall be dutiable at *not less than* the rate therein imposed upon knives valued at more than 50 cents and not exceeding $1.25 per dozen. The rate on such knives, as stated in said paragraph, is 11 cents each and 55 per centum ad valorem. [Italics quoted.]

The brief further recites that—

Since this is higher than the rate for scissors, as noted above, it becomes the rate applicable to the articles at bar.

For the reasons stated above, we hold that the importation in controversy is properly dutiable at 11 cents each and 55 per centum ad valorem, as claimed by plaintiff. That claim in the protest is sustained. All other claims are overruled.

Judgment will be entered accordingly.