**No. 58191.**—Manhattan Novelty Corp. et al. *v.* United States, protests 223883–K, etc. (New York).

Opinion by OLIVER, C. J.   It was stipulated that the merchandise and issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519).   In accordance with stipulation of counsel and following the cited case, the protests were dismissed, and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

BEFORE THE SECOND DIVISION, JUNE 17, 1954

**No. 58192.**—Penson & Company *v.* United States, protest 206540–K (New York).

Opinion by LAWRENCE, J.   From the record, it appeared that, when the importation was originally before the collector of customs, duty was assessed on the basis that the merchandise contained 44.5 percent of titanium, predicated upon the analysis of a "grab" sample.   When the protest herein was filed, the collector of customs reviewed his original decision and had an analysis made of a "commercial" sample, which disclosed the proper titanium content to be 41.3 percent.   Inasmuch as the period within which his office might have reviewed the liquidation, pursuant to section 515 (19 U. S. C. § 1515), had expired, the collector was unable to correct his decision to the basis of the new analysis.   Upon the uncontroverted facts, it was held that duty should have been assessed on the basis of 41.3 percent titanium content rather than 44.5 percent.

**No. 58193.**—Indian Sales Corporation et al. *v.* United States, protests 168843–K, etc. (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of speedometers and parts thereof similar in all material respects to those the subject of *Industrial Operations, Inc.* v. *United States* (30 Cust. Ct. 82, C. D. 1500), the claim of the plaintiffs was sustained.