**No. 58933.**—Keer, Maurer Company *v.* United States, protest 228939–K (Philadelphia).

Opinion by LAWRENCE, J.   It was stipulated that the merchandise consists of ingots of remelted aluminum scrap and that it is a nonferrous metal scrap, not ores nor concentrates, nor virgin nor crude metal; that said scrap was imported to be used in remanufacture by melting; that, after importation, it was melted and manufactured into aluminum ingots; and that there had been compliance with the regulations prescribed by the Secretary of the Treasury pursuant to Public Law 869, *supra*.   Upon the record presented, it was held that the merchandise comes within the provisions of Public Law 869, *supra*, and is properly entitled to free entry.

**No. 58934.**—Nisonger Sales Company and Trans-World Shipping Corp. *v* United States, protests 234545–K and 234590–K (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of speedometers and parts thereof similar in all material respects to those the subject of *Industrial Operations, Inc.* v. *United States* (30 Cust. Ct. 82, C. D. 1500), except that the speedometers and parts thereof in the cited case were designed and intended for use as parts of motorcycles whereas those at bar are intended for use as parts of automobiles, the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, APRIL 6, 1955

**No. 58935.**—Schenley Import Corp. and Hiram Walker &. Sons, Inc. *v.* United States, protests 202939–K and 186694–K (San Francisco).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C. C. P. A. 130, C. A. D. 508) and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.