BEFORE THE SECOND DIVISION, APRIL 21, 1955

**No. 58993.**—U. S. Fencing Equipment Co., Inc., and Alltransport, Inc. *v*. United States, protest 228568–K (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of foil blades similar in all material respects to those the subject of *Castello Fencing Equipment Co., Inc.*, and *Rohner, Gehrig & Co., Inc.* v. *United States* (29 Cust. Ct. 72, C. D. 1447), the claim of the plaintiffs was sustained.

**No. 58994.**—H. P. House Furnishing Co. *v*. United States, protest 238066–K (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of food mills in chief value of zinc, not plated with platinum, gold, or silver, which are chiefly used in the household as food grinding or cutting utensils other than meat and food choppers, the claim of the plaintiff was sustained.

**No. 58995.**—Nisonger Sales Co. and Trans World Shipping Corp. *v*. United States, protests 227303–K and 241813–K (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of speedometers and parts thereof similar in all material respects to the merchandise the subject of *Industrial Operations, Inc.* v. *United States* (30 Cust. Ct. 82, C. D. 1500), except that the speedometers and parts thereof in the cited case were designed and intended for use as parts of motorcycles whereas those at bar are intended for use as parts of automobiles, the claim of the plaintiffs was sustained.