(C. D. 1765)

LANSEN-NAEVE CORP. v. UNITED STATES

United States Customs Court, Second Division

(Decided March 2, 1956)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Alfred A. Taylor, Jr.*, trial attorney) for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The collector of customs classified an importation of cylindrical steel rolls in paragraph 344 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 344) and imposed duty thereon at the rate of 40 per centum ad valorem.

The importer claims that said rolls should be classified in paragraph 372 (19 U. S. C. § 1001, par. 372), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, as parts of machine tools and subjected to duty at the rate of 15 per centum ad valorem.

The pertinent text of the statutes referred to is here set forth:

Paragraph 344 of the basic act—

Cylindrical steel rolls ground and polished, valued at 25 cents per pound or over, 25 per centum ad valorem; any of the foregoing containing more than one-tenth of 1 per centum of vanadium, or more than two-tenths of 1 per centum of tungsten, molybdenum, or chromium, 40 per centum ad valorem.

Paragraph 372 of the Tariff Act of 1930, as modified, *supra*—

Machine tools (except jig-boring machine tools) _____ 15% ad val.

\* \* \* \* \* \* \*

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of articles provided for in any item 372 of this Part:

\* \* \* \* \* \* \*

Other_____ The same rate of duty as the articles of which they are parts

At the trial, the parties litigant agreed that the merchandise consists, in fact, of cylindrical steel rolls, ground and polished, valued at over 25 cents per pound, and containing more than two-tenths of 1 per centum of chromium and, furthermore, that the steel rolls are parts of a rolling mill and that a rolling mill is a machine tool.

From the foregoing, it would appear that the merchandise meets the descriptive language of both of the provisions above quoted, and the case, therefore, resolves itself into one of law as to which of the two provisions more aptly describes the merchandise. If, however, the two provisions are equally applicable, then perforce of the statutory declaration of paragraph 1559 of the tariff act (19 U. S. C. § 1001, par. 1559), we are obligated to adopt the classification which imposes the higher rate of duty.

In support of its claim for classification in paragraph 372, as modified, *supra*, plaintiff cites the case in which bicycle chains were held to be dutiable as parts of bicycles, rather than as chains for the transmission of power (*Davies, Turner & Co.* v. *United States*, 40 C. C. P. A. (Customs) 193, C. A. D. 517), and another decision in which speedometers made specially for use on motorcycles were held to be dutiable as parts of motorcycles, rather than as devices intended or suitable for measuring distance or speed (*Industrial Operations, Inc.* v. *United States*, 30 Cust. Ct. 82, C. D. 1500).

Defendant seeks to minimize the importance or significance of those cases by pointing out that the *Davies* case turned largely upon the statement of the court that the importer had failed to sustain its burden of proving use of the chains for purposes other than on bicycles; that, in the *Industrial Operations* case, the court was of the opinion that the competing provisions of the statute involved were both applicable "not only as to scope of descriptive language but also because both provisions are controlled by use," and, furthermore, that "Parts * * * for motor cycles," being a provision for a specific use, was a more specific description than the words "mechanism, device, or instrument intended or suitable for measuring * * * distance [and], speed." In other words, it is contended by defendant that, in the two cases above cited, the articles there in controversy were parts of specifically named items of merchandise, bicycles and motorcycles, whereas in the case now before us the imported article is a part of a machine tool, a designation much broader than that of "bicycle" or "motorcycle." However, we are not persuaded that the distinction sought to be drawn is convincing.

We are of the opinion, in view of the record before us, that this is a case where the familiar principle should be invoked that a use provision prevails over a descriptive or *eo nomine* provision whenever necessary to properly ascertain the intent of Congress. *United States* v. *Snow's United States Sample Express Co.*, 8 Ct. Cust. Appls. 351, T. D. 37611, and cases therein cited.

As was pointed out earlier in this opinion, the parties are agreed that the steel rolls in controversy are parts of rolling mills and that rolling mills are machine tools. As a matter of fact, this court, in an

earlier case, held that certain steel rolls used as parts of rolling mills were properly classified as parts of machine tools, since they were, in fact, parts of a rolling mill. *Alex Benecke* v. *United States*, 6 Cust. Ct. 432, C. D. 509, affirmed in 30 C. C. P. A. (Customs) 55, C. A. D. 214. It is also significant that this court has previously held that a tariff provision for "parts of motor cycles" or "parts of musical instruments" or "parts of radio apparatus" is a provision for a single or specific use. *Industrial Operations, Inc.* v. *United States, supra*; *United States* v. *Lyon & Healy*, 4 Ct. Cust. Appls. 438, T. D. 33873; and *United States* v. *Herman H. Sticht & Co.*, 22 C. C. P. A. (Customs) 40, T. D. 47048. By proper analogy, "parts of machine tools" is a provision for a single or specific use and, therefore, subject to the same legal interpretation as stated in the cases above cited.

The suggestion of defendant in its brief that the removal of the merchandise from classification in paragraph 344 of the tariff act would leave the paragraph meaningless is not compelling. In the light of the present record, for aught we know, there may be steel rolls, which meet the description of paragraph 344, having multiple uses other than in rolling mills.

For the foregoing reasons, we find and hold that the steel rolls in controversy should be classified in paragraph 372, as modified, *supra*, as parts of machine tools and subjected to duty at the rate of 15 per centum ad valorem, as claimed by importer.

Judgment will issue accordingly.