**No. 60659.**—Austin Motor Co., Ltd. *v.* United States, protests 221062–K, 257009–K, and 257010–K (New York).

Opinion by LAWRENCE, J.   It was stipulated that the items marked "A" consist of speedometers or parts thereof in chief value of metal similar in all material respects to the merchandise the subject of *Industrial Operations, Inc.* v. *United States* (30 Cust. Ct. 82, C. D. 1500), except that the speedometers and parts thereof in the cited case were designed and intended for use as parts of motorcycles whereas those at bar are intended for use as parts of automobiles.   It was further stipulated that the items marked "B" consist of ammeters, not in chief value of glass, designed and fitted for use on Austin motorcars, the same in all material respects as those involved in *Lucas Electrical Services, Inc.*, and *Frank J. Eberle Co.* v. *United States* (36 Cust. Ct. 209, C. D. 1776).   Accepting the stipulation as a statement of facts and following the cited authorities, the claim of the plaintiff was sustained.

**No. 60660.**—Imperial International Corp. *v.* United States, protest 267476–K (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of scissor blades for pocketknives similar in all material respects to those the subject of *Voss Cutlery Co., Inc.* v. *United States* (30 Cust. Ct. 94, C. D. 1502), the claim of the plaintiff was sustained.

**No. 60661.**—Keuffel & Esser Co. *v.* United States, protests 235997–K, etc. (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519), the protests were dismissed, and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).