purpose machine vises and spare parts thereof; that said vises are not hand tools; that they are composed wholly of metal; and that they are used exclusively to hold metal material which is to be worked upon by a power-driven tool, the claim of the plaintiffs was sustained.

**No. 60685.**—Davies Turner & Company v. United States, protest 229030–K/5123 (Chicago).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that certain items of the merchandise consist of speedometer parts similar in all material respects to those the subject of *Industrial Operations, Inc.* v. *United States (30 Cust. Ct. 82, C. D. 1500)*, the claim of the plaintiff was sustained.

**No. 60686.**—Davies, Turner & Co. v. United States, protest 208784–K (Boston).

Opinion by LAWRENCE, J. It was stipulated that the items of merchandise in question consist of scrap nonferrous materials, composed in chief value of non-ferrous metals more particularly described as tungsten rod scrap waste pieces and molybdenum rod scrap waste pieces, which are fit only to be remanufactured by melting. Upon the agreed statement of facts, it was held that the merchandise comes within the provisions of Public Law 869, as amended by Public Law 535, *supra*, and is properly entitled to free entry.

**No. 60687.**—Herman H. Sticht & Co., Inc., et al. v. United States, protests 216836–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States (30 Cust. Ct. 193, C. D. 1519)*, the protests were dismissed, and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

**No. 60688.**—Gramercy Import Co., Inc., et al. v. United States, protests 236461–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519), the protests were dismissed, and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

**No. 60689.**—Gramercy Import Co., Inc., et al. *v.* United States, protests 260510–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519), the protests were dismissed, and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

**No. 60690.**—Gramercy Import Co., Inc. *v.* United States, protests 266541–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519), the protests were dismissed, and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

BEFORE THE THIRD DIVISION, APRIL 24, 1957

**No. 60691.**—Capitol Distributors Corp. et al. *v.* United States, protests 273265–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in