(V. D. 82)

KEUFFEL & ESSER CO. ET AL. v. UNITED STATES

Entry No. 978318, etc.

(Decided August 22, 1958)

*John D. Rode* for the plaintiffs.

*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: This is a valuation proceeding which arose by virtue of judgments issued by the second division of this court in the cases of *Keuffel & Esser Co.* v. *United States*, 38 Cust. Ct. 531, Abstract 60829, and *Gramercy Import Co., Inc.* v. *United States*, id. 541, Abstract 60869, wherein the matters were remanded to a single judge sitting in reappraisement, pursuant to the provisions of title 28, U. S. C. § 2636 (d).

The parties to this proceeding have stipulated and agreed as follows:

1. That the merchandise consists [sic] of instruments and cases which were held by the Court in Abstracts 60829 and 60869 to be subject to appraisement separately according to the value of each class of article.

2. That the market value or the price of the instruments and cases herein at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition ready for shipment to the United States was as set forth below.

KEUFFEL & ESSER CO.

PROTEST #261187–K/17939

| Entry No. | Item | Instrument | Case | Total |
|---|---|---|---|---|
| 978318 | 9426c | 4. 10 | 0. 90 | 5. 00 |
| | 9406c | 3. 05 | . 80 | 3. 85 |
| | 9626c | 2. 90 | . 85 | 3. 75 |
| | 9826c | 1. 91 | . 71 | 2. 62 |

GRAMERCY IMPORT CO. INC.

PROTEST #300622–K/9679

| Entry No. | Item | Instrument | Case | Total |
|---|---|---|---|---|
| 63212 | RP/4 Es | 2. 21 | 0. 60 | 2. 81 |
| | RP/2 Bs | 1. 20 | . 40 | 1. 60 |

PROTEST #300882–K/10078

| 65670 | RP/4 Es | 2. 21 | . 60 | 2. 81 |
| | 1415/4 Es | 2. 71 | . 65 | 3. 36 |
| | 305/4 FRs | 1. 50 | . 50 | 2. 00 |

PROTEST #301264–K/10735

| 854084 | 1720 | 1. 18 | . 62 | 1. 80 |
| 887509 | 1720 | 1. 18 | . 62 | 1. 80 |

PROTEST #305404–K/14243

| 728911 | 2211 | 7. 75 | 1. 25 | 9. 00 |
| | 2300 | 5. 66 | 1. 00 | 6. 66 |

3. That there was no higher foreign value.

Upon the agreed facts, I find and hold that export value, as such value is defined in section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d)), is the proper basis for determining the value of the drawing instruments and cases therefor covered by the remands of protests enumerated in the schedule, attached to and forming part of this decision, and that such value is as shown in paragraph 2 of the above-quoted stipulation.

I further find and hold such values to be the proper dutiable values of said merchandise.

As to all other merchandise, the remands are dismissed.

Judgment will issue accordingly.