(V.D. 108)

HERMAN H. STICHT & CO., INC., ET AL. *v.* UNITED STATES

Entry No. 760331, etc.

(Decided December 30, 1959)

*Strauss & Hedges* for the plaintiffs.

*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: This is a valuation proceeding which arose by virtue of the judgment issued by the second division of this court in the case of *Herman H. Sticht & Co., Inc., et al.* v. *United States*, 38 Cust. Ct. 480, Abstract 60687, wherein the matter was remanded to a single judge sitting in reappraisement pursuant to the provisions of title 28 U.S.C., section 2636 (d).

The parties to this proceeding have stipulated and agreed that the market value or the price of the instruments and cases involved herein, at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was as set forth on the following page.

Herman H. Sticht & Co., Inc.

| Protest No. | Entry # date | | Swiss francs ea. |
|---|---|---|---|
| 246308–K/7812_____ | 760331 10–7–53 | 15 pcs #600 Handtachometers_____ | 68. 00 |
| | | Accessories_____ | 12. 20 |
| | | Engravings_____ | 0. 50 |
| | | Cases_____ | 12. 20 |
| 263249–K/20076_____ | 10017 10–9–53 | 20 pcs #250–250A | |
| | | Tachoscopes_____ | 135. 50 |
| | | Accessories_____ | 10. 50 |
| | | Stampings_____ | 0. 50 |
| | | Cases_____ | 7. 75 |
| | | 96 pcs #620 Handtachometers_____ | 68. 00 |
| | | Accessories_____ | 12. 20 |
| | | Engravings_____ | 0. 50 |
| | | Cases_____ | 12. 20 |
| 264350–K/21442_____ | 4218 8–11–53 | 25 pcs #600 Handtachometers_____ | 68. 00 |
| | | Accessories_____ | 12. 20 |
| | | Engravings_____ | 0. 50 |
| | | Cases_____ | 12. 20 |
| | | 25 pcs #621 Handtachometers_____ | 68. 00 |
| | | Accessories_____ | 12. 20 |
| | | Engravings_____ | 0. 50 |
| | | Cases_____ | 12. 20 |
| | | 12 pcs #601 Handtachometers_____ | 68. 00 |
| | | Accessories_____ | 12. 20 |
| | | Engravings_____ | 0. 50 |
| | | Cases_____ | 12. 20 |
| 266721–K/1804_____ | 11720 10–27–53 | 104 pcs #620 Handtachometers_____ | 68. 00 |
| | | Accessories_____ | 12. 20 |
| | | Engravings_____ | 0. 50 |
| | | Cases_____ | 12. 20 |

O. Zernickow Company

| Protest No. | Entry # date | | Swiss francs ea. |
|---|---|---|---|
| 266725–K/1809_____ | 819254 1–7–54 | 25 pcs #620 Handtachometers_____ | 68. 00 |
| | | Accessories_____ | 12. 20 |
| | | Engravings_____ | 0. 50 |
| | | Cases_____ | 12. 20 |

It was further stipulated and agreed that there was no higher foreign value for such or similar merchandise.

Upon the agreed facts, I find and hold that export value, as such value is defined in section 402(d) of the Tariff Act of 1930 (19 U.S.C. § 1402(d)), is the proper basis for determining the value of the tachometers, tachoscopes, and cases therefor, covered by the remand of protests enumerated in the schedule, attached to and made part of the decision herein, and that such value is as tabulated, *supra*.

I further find and hold that such values are the proper dutiable values of such merchandise.

As to all other merchandise, the remand is dismissed.

Judgment will be entered accordingly.