other bones in the fish. In holding that the fish were not dutiable as "boned" fish within the meaning of paragraph 216 of the Tariff Act of 1913, the court, after citing certain dictionary definitions, respecting the term "boned," at page 375, stated:

These definitions as well as the common ordinary significance of the term as it occurs to the mind would require that in order that anything may be "boned" it should be *substantially* boned. [Italics ours.]

Whether or not there has been a boning of the involved fish or whether they have been "substantially" boned to satisfy the rule laid down by the Court of Customs Appeals in the *Woodward* case, *supra*, is, in our opinion, here unnecessary to decide. Suffice to say that the plaintiff, on its part, has failed to show that this merchandise has not been further advanced than "beheading," a burden imposed upon it under the statute. Plaintiff's testimony is not conclusive, or even persuasive, in establishing that the "nape bone" is a part of either the head of the fish or a part of the vertebral column. The real import of the evidence is to the effect that the portion of the nape which was removed was neither a part of the head nor a part of the vertebral column, but was a *part of the body* of the fish. Quite clearly plaintiff failed to establish the proposition set forth by its counsel at the opening of the case, i. e., that the nape portion of the fish which was removed was part of the head. The contention, therefore, that the removal of a portion of the fish not constituting a part of either the head or the spinal column would not preclude the involved merchandise from being classified under the provisions of paragraph 720 (a) (4) for "haddock, * * *, Whole, or beheaded or eviscerated or both, but not further advanced (except that the vertebral column may be removed)," is untenable. The following dictionary definitions support the conclusion that the so-called nape bone is not a part of either the head of a fish or a part of its vertebral column:

[Funk & Wagnalls New Standard Dictionary, 1942 edition, page 1649]:

**nape,** * * * **2.** The back of a fish next the head.

[Page 2646]:

**vertebral,** * * * **2. v. column,** the spinal column.

Inasmuch as it has not been established that the removal of this nape structure from the fish did not constitute an advancement of the merchandise, plaintiff cannot prevail in its claim.

On the record presented, and for the reasons heretofore stated, the protest is overruled. Judgment will be rendered accordingly.

**No. 58499.**—Dreher Leather Mfg. Corp. *v.* United States, protest 229015–K (Philadelphia).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of snakeskins similar in all material respects to those the subject of *Fleming-Joffe, Ltd.* v. *United States* (25 Cust. Ct. 56, C. D. 1263), the claim for free entry under paragraph 1765 was sustained.

**No. 58500.**—Omega Import Co. and Hudson Shipping Co., Inc., et al. *v.* United States, protests 227764–K, etc. (New York).

Opinion by Wilson, J. It was stipulated that the merchandise and issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519). In accordance with stipulation of counsel and following the cited case, the protests were dismissed, and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

**No. 58501.**—Manhattan Novelty Corp. et al. *v.* United States, protests 229853–K, etc. (New York).

Opinion by Wilson, J. It was stipulated that the merchandise and issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519). In accordance with stipulation of counsel and following the cited case, the protests were dismissed and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

Before the Second Division, November 10, 1954

**No. 58502.**—Charles F. Sormani and Alltransport, Inc. *v.* United States, protest 211081–K (New York).

Rao, Judge: This is an action to recover duties alleged to have been erroneously assessed upon an importation of articles invoiced as "Little Swiss Calendars 1952." The collector of customs at the port of New York classified these items as diaries and assessed duty thereon at the rate of 25 per centum ad valorem pursuant to the provision in paragraph 1410 of the Tariff Act of 1930 for blank books.[1] It is the claim of plaintiffs that the imported merchandise is provided for in paragraph 1406 of said act as lithographically printed calendars, of the thickness and cutting size carrying a rate of 12 cents per pound, to wit, "exceeding twelve and not exceeding twenty one-thousandths of one inch in thickness * * *; exceeding thirty-five square inches cutting size in dimensions, * * *."

A sample of the importation is in evidence as plaintiffs' exhibit 1. To all intents and appearances, it is a calendar booklet, approximately 5½ by 7 inches in size. There is a page for each month of the year, plus a cover page, all of which are joined together by a spiral clasp inserted through perforations across the top. A cord, which presumably has been slipped through this clasp, serves as a convenience in hanging. Upon the front side of each page, including the cover, is a

[1] It is to be noted that the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, which reduces the rate of duty on blank books and slate books from the 25 per centum rate provided in said paragraph 1410 to 12½ per centum, specifically excepts diaries.