crumbs and depositing them into receptacles in the interior of the article. The receptacles may be emptied through the hinged top.

Neither party requested time for the filing of briefs, and none was submitted. We are of the opinion, based upon the record before us, that the articles are not brushes within the common and ordinary acceptation of that term. They are articles which consist in part of brushes, but the statute under which classification was made does not provide for such articles. It is true that insofar as they sweep crumbs from the table they have a function which a brush could perform, but it seems that they do more than merely sweep the crumbs, in that they collect and hold them in the interior receptacles. For that reason, we feel that they are less analogous to brushes than they are to carpet sweepers, or even mechanical street sweepers, neither of which would be considered to be a "brush."

The provisions of the stipulation establish that if the correct classification of the crumb sweepers is not that of brushes, as we have held, they are within the provision for household utensils, not specially provided for, plated with silver, as claimed in the protest.

Judgment will, therefore, issue sustaining the protest claim as to the items above described.

No. 58686.—Astra Trading Corp. v. United States, protests 210908–K (A), etc. (New York).

Opinion by WILSON, J.   It was stipulated that the merchandise and issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519). In accordance with stipulation of counsel and following the cited case, the protests were dismissed, and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

No. 58687.—Tanross Supply Co. et al. v. United States, protests 227317–K, etc. (New York).

Opinion by WILSON, J.   It was stipulated that the merchandise and issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519). In accordance with stipulation of counsel and following the cited case, the protests were dismissed, and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).