313

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the items of merchandise marked with the letter "A" were held dutiable at 20 percent under paragraph 1547 (a), Tariff Act of 1930, and the items marked with the letter "B" at 10 percent under the provision in said paragraph, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T. D. 52373), supplemented by Presidential proclamation (T. D. 52476), for "Works of art * * * statuary, sculptures, or copies, replicas, or reproductions thereof, valued at not less than $2.50."

**No. 58858.**—Associated Dry Goods Corp., Lord & Taylor Div. v. United States, protest 228668–K (New York).

Opinion by JOHNSON, J. It was stipulated that the issue herein is similar in all material respects to that involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the one case of silk scarves, No. 925, reported by the inspector as manifested, not found, was not in fact received by the importer. In accordance with stipulation of counsel and following the decision cited it was held that duty is not assessable upon such portions of the merchandise as were reported by the inspector as manifested, not found. The protest was sustained to this extent.

BEFORE THE FIRST DIVISION, MARCH 24, 1955

**No. 58859.**—Felix M. Mendelson and Hoyt, Shepston & Sciaroni et al. v. United States, protests 223474–K, etc. (San Francisco).

Opinion by WILSON, J. In accordance with stipulation of counsel that the issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519), the protests were dismissed, and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

**No. 58860.**—Ocean Photo Supply Co., Inc., and Charles Happel, Inc. v. United States, protests 237539–K and 240343–K (New York).

Opinion by Wilson, J. In accordance with stipulation of counsel that the issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519), the protests were dismissed, and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

**No. 58861.**—Freedman & Slater, Inc., et al. *v.* United States, protests 171111–K, etc. (New York).

Opinion by Wilson, J. In accordance with stipulation of counsel that the merchandise consists of waste sheepskin scrap similar in all material respects to that the subject of *Fairfield Wool Co., Inc.* v. *United States* (33 Cust. Ct. 199, C. D. 1653), the claim of the plaintiffs was sustained.

**No. 58862.**—Caron Spinning Co. *v.* United States, protests 175542–K and 184040–K (Boston).

Opinion by Wilson, J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "T. D. 53159 Clean Content percent" in the schedule attached to and made a part of the decision in this case.

Before the Second Division, March 24, 1955

**No. 58863.**—Asam Manufacturing Co. et al. *v.* United States, protests 179038–K, etc. (Detroit).

Opinion by Lawrence, J. In accordance with stipulation of counsel that certain items of the merchandise consist of speedometers and parts thereof similar in all material respects to the merchandise the subject of *Industrial Operations, Inc.* v. *United States* (30 Cust. Ct. 82, C. D. 1500), except that the speedometers