Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of essential oils the same in all material respects as those the subject of *Ungerer & Co., Inc.* v. *United States* (33 Cust. Ct. 152, C. D. 1647), the claim of the plaintiff was sustained.

**No. 58971.**—P. Robertet, Inc., et al. *v.* United States, protests 163047–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of essential oils the same in all material respects as those the subject of *Ungerer & Co., Inc.* v. *United States* (33 Cust. Ct. 152, C. D. 1647), the claim of the plaintiffs was sustained.

**No. 58972.**—Bertrand Freres, Inc., et al. *v.* United States, protests 168035–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of essential oils the same in all material respects as those the subject of *Ungerer & Co., Inc.* v. *United States* (33 Cust. Ct. 152, C. D. 1647), the claim of the plaintiffs was sustained.

**No. 58973.**—Camilli Albert & Laloue, Inc. *v.* United States, protests 173309–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of essential oils the same in all material respects as those the subject of *Ungerer & Co., Inc.* v. *United States* (33 Cust. Ct. 152, C. D. 1647), the claim of the plaintiff was sustained.

**No. 58974.**—Compass Instrument & Optical Co. et al. *v.* United States, protests 227523–K, etc. (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519), the protests were dismissed, and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

**No. 58975.**—D. P. Bushnell & Co., Inc., et al. *v.* United States, protests 230949–K, etc. (Los Angeles).

Opinion by WILSON, J. In accordance with stipulation of counsel that the issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519), the protests were dismissed, and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

**No. 58976.**—Gorack Corp. et al. *v.* United States, protests 182955–K, etc. (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of sheepskin waste scrap similar in all material respects to that the subject of *Fairfield Wool Co., Inc.* v. *United States* (33 Cust. Ct. 199, C. D. 1653), the claim of the plaintiffs was sustained.

**No. 58977.**—Caron Spinning Co. *v.* United States, protests 186303–K and 190233–K (Philadelphia).

Opinion by WILSON, J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "T. D. 53159 Clean Content Per cent" in schedule "A," attached to and made a part of the decision in this case.