(V. D. 39)

LANSEN-NAEVE CORP. ET AL. v. UNITED STATES

Entry No. 822580, etc.

(Decided September 26, 1956)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

WILSON, Judge: These matters are presently before me on a remand from a classification proceeding decided by the first division of this court in *Tanross Supply Co. et al.* v. *United States*, 34 Cust. Ct. 260, Abstract 58687. The judgment entered therein stated: "* * * that the matters be remanded to a single judge in reappraisement pursuant to the provisions of Title 28 U. S. C. § 2636 (d)."

The matters have been submitted for decision upon an agreed statement of facts entered into by and between counsel for the respective parties hereto.

Upon the agreed facts, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d)), to be the proper basis for determining the values of the involved merchandise and that such values for the leather cases were as follows:

| Entry No. | Item | Price for each |
|---|---|---|
| 822580 | Prism Binocular—7 x 50 "Clearsite" | $1. 25 |
|  | Prism Binocular—7 x 18 "Clearsite" | 0. 60 |
| 827450 | Binoculars "Rocket" 7 x 50 | 1. 25 |
|  | Binoculars "Clearsite" 7 x 50 | 1. 25 |
| 852871 | Prism Binocular 7 x 50 "Rocket" | 1. 25 |
| 880887 | Prism Binocular "clearsite" 7 x 50 | 1. 25 |
|  | Prism Binocular 7 x 18 clearsite | 0. 60 |

and such values for the binoculars, without cases, were the appraised figures less the values of the cases as set forth above.

I further find such values to be the dutiable values of said merchandise.

Judgment will be entered accordingly.