**No. 60287.**—Manca, Inc. *v.* United States, protest 253865–K (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519), the protest was dismissed, and the matter was remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

**No. 60288.**—W. C. Sullivan & Company *v.* United States, protest 134461–K/1327 (Chicago).

Opinion by WILSON, J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rates applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content (T. D. 53159)" in schedule "A," attached to and made a part of the decision in this case.

**No. 60289.**—W. N. Proctor Company *v.* United States, protests 296758–K, etc. (Boston).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of Angora rabbit hair similar in all material respects to that the subject of *W. N. Proctor Company* v. *United States* (35 Cust. Ct. 89, C. D. 1727), the claim of the plaintiff was sustained.