BEFORE THE THIRD DIVISION, JUNE 26, 1957

**No. 60936.**—Border Brokerage Company v. United States, protests 282319–K, 295378–K, and 279719–K (Seattle).

JOHNSON, Judge:   These cases, consolidated at the trial, involve a number of claims, including a claim that the liquidation is invalid and void and should be set aside so that the collector can give notice of appraisement, as required by section 501 of the Tariff Act of 1930, as amended.

At the trial, counsel submitted these cases on the following stipulation:

MR. TUTTLE:   Each of these protests contained claims as to rates of duty but also as originally filed or by virtue of an amendment granted yesterday, each has this claim: the liquidation is invalid and void and should be set aside so that the collector can give notice of appraisement as required by section 501 of the Tariff Act and it is that claim that we place reliance on this morning.

In regard to the facts, I offer to stipulate with Government counsel that by his appraisement, the appraiser increased the entered values of some of the merchandise covered by each of the involved entries with the exception of entry 24455 [*sic*] [1], October 18, 1954, which is one of those covered by Protest 299719–K [2] and further in the stipulation, that the collector did not give notice to the importer or his agent of the increase of values made by the appraiser but in lieu, proceeded to liquidate the entries.

MISS STRUM:   I have discussed these facts in these 3 cases with the appraiser, Mr. Birks and Deputy Collector, Mr. Ogdon and Acting Deputy Collector Clarence Dolgner at this port and they advise me that the facts as recited by Mr. Tuttle are correct.   The Government therefore so stipulates.

JUDGE WILSON: Let the record show the stipulation.

MR. TUTTLE: We rest.

MISS STRUM: The Government rests.

[1] This is evidently in error.   The entry number is 2455.
[2] This is in error.   The protest number is 279719–K.

MR. TUTTLE: Submit.

MISS STRUM: Submit.

MR. TUTTLE: I ask that the record show that we request the Court to hold the liquidations to be premature and invalid in view of the provisions of Section 501, Tariff Act of 1930.

Since it has been agreed that, except as to the merchandise in entry No. 2455 of protest No. 279719–K, the appraised values were higher than the entered values and that no notices of appraisement were sent to the importer, in accordance with section 501 of the Tariff Act of 1930, as amended, we hold that, except as to said entry No. 2455 of protest No. 279719–K, the appraisements are incomplete and invalid and the liquidations based thereon are void. *United States* v. *Tampa Box Co.*, 15 Ct. Cust. Appls. 360, T. D. 42561; *United States* v. *James H. Rhodes & Co.*, 40 C. C. P. A. (Customs) 1, C. A. D. 488. To that extent, the protests are dismissed as premature. *Pittman Publishing Corporation* v. *United States*, 28 Cust. Ct. 164, C. D. 1404; *John P. Herber & Co., Inc.* v. *United States*, 30 Cust. Ct. 193, C. D. 1519. Under the statutory provisions now in effect (28 U. S. C. § 2636 (d)), where, upon the hearing of a protest, the court declares an appraisement to have been invalid, it is directed to remand the matter to a single judge to determine the proper dutiable value in the manner provided by law. Pursuant to these provisions, except as to entry No. 2455 of protest No. 279719–K, these cases will be remanded to a single judge of the court to determine the proper dutiable values in the manner provided by law. *United States* v. *James H. Rhodes & Co., supra.*

Since no evidence has been presented as to the merchandise covered by entry No. 2455 of protest No. 279719–K, the protest is deemed abandoned and is dismissed as to any claims involving said entry.

Judgment will be rendered in accordance with this decision.