Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of parts of photo enlargers; that said enlargers were held dutiable at 15 percent under paragraph 1551, as modified, as photographic cameras in *Manca, Inc.* v. *United States* (38 Cust. Ct. 271, C. D. 1874); and that, in accordance with said decision, parts for enlargers are properly dutiable as parts of photographic cameras under paragraph 1551, the claim of the plaintiff at 20 percent was sustained.

**No. 61821.**—E. Leitz, Inc. v. United States, protest 260966–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the items marked "A" consist of parts of photo enlargers; that said enlargers were held dutiable at 15 percent under paragraph 1551, as modified, as photographic cameras in *Manca, Inc.* v. *United States* (38 Cust. Ct. 271, C. D. 1874); and that, in accordance with said decision, parts for enlargers are properly dutiable as parts of photographic cameras under paragraph 1551, the claim of the plaintiff at 20 percent was sustained as to said items. Following *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519), the protest was dismissed as to the items marked "B," and the matter was remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

**No. 61822.**—Manca, Inc. v. United States, protest 262902–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the items marked "A" consist of parts of photo enlargers; that said enlargers were held dutiable at 15 percent under paragraph 1551, as modified, as photographic cameras in *Manca, Inc.* v. *United States* (38 Cust. Ct. 271, C. D. 1874); and that, in accordance with said decision, parts for enlargers are properly dutiable as parts of photographic cameras under paragraph 1551, the claim of the plaintiff at 20 percent was sustained as to said items. Following *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519), the protest was dismissed as to the items marked "B," and the matter was remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

**No. 61823.**—Manca, Inc. v. United States, protest 264104–K (New York).